UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TONY MCDONALD**,

   Plaintiff,

v.                                          No. 4:25-cv-00153-P

**FEDERAL ELECTION COMMISSION**,

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Federal Election Commission's (FEC) Motion to Dismiss for Lack of Jurisdiction (Motion). Having considered the Motion, relevant docket filings, and the applicable law, the Court will **GRANT** the Motion.

## BACKGROUND

This case arises out of two political contributions subject to the Federal Election Campaign Act (FECA). For context, the Court begins with the statutory framework and then provides the factual background of the case.

FECA requires "political committees," which includes candidate campaigns, political parties, and other political organizations, to report certain receipts and disbursements. *See* 52 U.S.C. § 30101(4)–(6). There are two disclosure provisions relevant to this case. The first relates to contributions made directly to political committees. *Id.* § 30104(b)(3)(A). Section 30104(b)(3)(A) imposes reporting requirements on the identification of any "person (other than a political committee) who makes a contribution to the reporting committee during the reporting period, whose contribution or contributions have an aggregate amount or value in excess of $200 within the calendar year . . . ." *Id.* The second relates to contributions "earmarked or otherwise directed through an intermediary or conduit to such candidate." *Id.* § 30116(a)(8). For these

types of contributions, the "intermediary or conduit shall report the original source and the intended recipient of such contribution." *Id.* Unlike § 30104(b)(3)(A), there is no minimum threshold for disclosure of a contribution when routed through a conduit under § 30116(a)(8).

For challenges brought under FECA, the district court merely certifies a record to an *en banc* court of appeals rather than ruling on the merits. Before certification, however, the district court performs several functions. To begin, the court determines whether the constitutional challenge is "frivolous." *Cal. Med. Ass'n v. FEC*, 453 U.S. 182, 192 n.14 (1981). The court also determines whether there is standing. *Id.* Then, the court creates a record for appellate review, including making findings of fact. *See Bread Pol. Action Comm. v. FEC*, 455 U.S. 577, 580 (1982). After allowing discovery and creating a record, the court then certifies the record and all non-frivolous questions to the *en banc* court of appeals. *See Mariani v. United States*, 212 F.3d 761, 769 (3d Cir. 2000) (en banc); *Buckley v. Valeo*, 519 F.2d 817, 818 (D.C. Cir. 1975) (en banc) (per curiam), *aff'd in part and rev'd in part on other grounds*, 424 U.S. 1 (1976); 52 U.S.C. § 30110.

The facts of this case are uncomplicated. In June 2019, McDonald contributed $1 to Marianne Williamson's presidential campaign. McDonald alleges that this contribution was to help Williamson qualify for Democratic debates rather than to support her candidacy. The $1 contribution was processed through a conduit called ActBlue. Thus, as required by § 30116(a)(8), McDonald's contribution was disclosed.

In June 2023, McDonald made another contribution, this time $50 to an unnamed federal candidate. McDonald allegedly donated less than $200, in part, because he believed the contribution would remain anonymous. The unnamed candidate, however, allegedly routed McDonald's contribution through another conduit, this time WinRed. Again, as required by § 30116(a)(8), McDonald's $50 contribution was disclosed.[1]

---

[1] McDonald also alleges a $1 donation in 2024; however, the Complaint makes clear that this donation "was not reported." ECF No. 1 ¶ 23. For this

McDonald brought suit on February 18, 2025, arguing that § 30116(a)(8)'s reporting and disclosure requirements are unconstitutional for contributions routed through a conduit up to $200. On April 22, 2025, FEC filed a Motion to Dismiss. The Court now addresses that Motion.

## LEGAL STANDARD

A 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction alleges that the court lacks the authority to hear the dispute. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction and must have "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party invoking the court's jurisdiction bears the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Courts may dismiss for lack of subject-matter jurisdiction on any of three separate grounds: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (citation omitted).

To challenge subject-matter jurisdiction under Rule 12(b)(1), a party can make either a facial or factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A 12(b)(1) motion that challenges standing based on the pleadings is considered a facial attack, and the court reviews only the sufficiency of the pleading's allegations, presuming them to be true. *Id.* If a defendant makes a factual attack on subject-matter jurisdiction by submitting evidence, such as affidavits and testimony, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.* In a factual attack, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citation omitted). Further, in a factual attack, "no presumptive truthfulness

---

reason, the Court does not consider this donation for McDonald's challenge to 52 U.S.C. § 30116(a)(8)'s reporting requirement.

attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

## ANALYSIS

The only issue presented by FEC's Motion is whether McDonald can demonstrate an injury in fact to establish Article III standing. The standing inquiry requires three elements: (1) the plaintiff must show he has "suffered an injury in fact"; (2) the plaintiff must show a "causal connection between the injury and the conduct complained of"; and (3) the plaintiff must show it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified). As the party invoking federal jurisdiction, the plaintiff bears the burden of showing subject-matter jurisdiction. *Kling*, 60 F.4th at 284.

For the first element of standing, a plaintiff must show an injury in fact, which the Supreme Court defines as "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. Such requirements are no different in challenges involving disclosure of campaign contributions. *See FEC v. Akins*, 524 U.S. 11, 21 (1998).

The injury in fact requirement is not necessarily "relaxed" in the context of a First Amendment challenge.[2] This is not a pre-enforcement challenge. *See Hou. Chron. Publ'g Co. v. City of League City*, 488 F.3d 613, 618 (5th Cir. 2007) ("Chilling a plaintiff's speech is a constitutional harm adequate to satisfy the injury-in-fact requirement.") (citation omitted). McDonald does not allege that he faces the threat of an enforcement action for violating FECA. Rather, McDonald argues that the disclosure of his past contributions is sufficient.[3] Based on these

---

[2]McDonald asserts in his Response that "[s]tanding is not difficult to achieve in this First Amendment challenge, where injury requirements are relaxed." ECF No. 24 at 4.

[3]*See id.* ("McDonald suffered a First Amendment injury when his donor information was disclosed to the FCC.").

pleadings, McDonald must show a concrete injury in fact just like any other plaintiff.

McDonald has failed to demonstrate an injury in fact. McDonald points to several "ramifications" relating to his two contributions that constitute an injury. ECF No. 24 at 5. For example, McDonald says he "does not want to explain or justify such contributions." ECF No. 1 ¶ 21. But McDonald does not allege an instance where he was forced to explain or justify his contributions nor how such an explanation constitutes a concrete and particularized harm. McDonald also says "[h]e would not want his personal support for a candidate to imply that the Tarrant County Republican Party as an institution supports the candidate." ECF No. 1 ¶ 25. Again, McDonald speculates that such an alleged harm may occur, but he provides no evidence of an actual injury nor how such an implication would constitute an injury to him rather than the Tarrant County Republican Party. Such speculative injuries fail to satisfy the hurdle set forth in *Lujan*.

The "disclosure of donor information" is not a "constitutional injury in and of itself." ECF No. 24 at 5. McDonald cites to two cases to support this contention: *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595 (2021), and *X Corp. v. Media Matters for Am.*, 120 F.4th 190 (5th Cir. 2024) (per curiam). Yet *Bonta* did not involve the public disclosure of information. More importantly, the majority in *Bonta* did not address standing much less hold that, in the context of disclosing donor information, an injury in fact is not necessary. As for *X Corp.*, the plaintiff in that case sought discovery concerning the identity of the defendant's financial donors. 120 F.4th at 194. The question before the Court of Appeals for the Fifth Circuit was whether to stay the district court's order granting a motion to compel such information. *Id.* at 195. And in making such an inquiry on a motion to compel, the court considered the competing harms between the two parties. *Id.* at 196. But such a framework is inapplicable to the standing analysis, which requires a particularized and concrete harm from a plaintiff.

Ultimately, McDonald has shown no reason why the Court should abandon an injury-in-fact inquiry solely because his claim involves the

disclosure of campaign contributions. For this reason, the Court finds that McDonald lacks Article III standing.

## CONCLUSION

For the reasons above, the Court **GRANTS** FEC's Motion. Accordingly, McDonald's sole claim challenging 52 U.S.C. § 30116(a)(8) is **DISMISSED without prejudice**.

**SO ORDERED** on this **9th day of July 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE